PHILLIP F. SHINN, SBN 112051
CAROLYN BYUN, SBN 209212
THORNTON, TAYLOR,, BECKER & SHINN, LLP
731 Sansome Street, Suite 300
San Francisco, CA 94111
(415) 421-8890

ATTORNEYS FOR DEFENDANT
YONG YOON, individually and dba FOSTER'S FREEZE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE BRANCH

| | |
|---|---|
| CHRISTINA ADAMS,<br><br>          Plaintiff,<br><br>v.<br><br>FOSTER'S FREEZE; SHIN W. YOON and YONG YOON dba FOSTER'S FREEZE; JOSEPH & LILLIAN MARSH PERSONAL TRUST; and DOES 1 through 35, Inclusive,<br><br>          Defendants. | Case No.:  C 03-4191 JF<br><br>**DEFENDANT YONG YOON'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: 15 September 2003 |

COMES NOW, Defendant, YONG YOON, individually and dba Foster's Freeze ("Defendant") answers Plaintiff CHRISTINA ADAMS' ("Plaintiff") Complaint as follows:

   1. Answering Paragraph 1 of the Complaint, Defendant YONG YOON is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

   2. Answering Paragraph 2 of the Complaint, Defendant YONG YOON admits this court has jurisdiction based on alleged violations of the Americans with Disabilities Act of 1990 and pendant jurisdiction over alleged violations of California Health and Safety Code Sections 19955-59, California Code of Regulations, Title 24, and California Civil Code Sections 54 and 54.1.

1  3. Answering Paragraph 3 of the Complaint, Defendant YONG YOON admits that the venue is proper as the subject business is located in this district. Except as so admitted, defendant YONG YOON denies each and every allegation contained in the said paragraph.

# FIRST CAUSE OF ACTION
# DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION (Cal. Health & Safety Code §§19955 et seq., and Cal. Civ. Code §54.1)

4. Answering Paragraph 4 of the Complaint, Defendant YONG YOON incorporates by reference her answers to paragraphs 1 through 3 of the Complaint as though they were fully set forth individually herein and repleaded.

5. Answering Paragraph 5 of the Complaint, Defendant YONG YOON admits owning and operating the restaurant known as Foster's Freeze at 1846 Soquel Ave., City of Santa Cruz, CA, open to the public. Defendant admits that there is one step at the front entrance of the restaurant, but denies that the front entrance is the only public entrance to the restaurant. Except as so admitted or denied, Defendant YONG YOON is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant YONG YOON is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant YONG YOON is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. Answering Paragraph 8 of the Complaint, Defendant YONG YOON admits that Health & Safety Code Section 19955 states in part "[t]o insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code," and that

Thornton, Taylor, Becker & Shinn, LLP
731 Sansome Street, Suite 300
San Francisco, CA 94111
(415) 421-8890 - Facsimile (415) 421-0688

1   such public accommodations include restaurants.  Defendant also admits that Health & Safety

2   Code Section 19955 further states "[w]hen sanitary facilities are made available for the public,

3   clients or employees in such accommodations or facilities, they shall be made available for the

4   physically handicapped."  The last two sentences of the paragraph contain legal conclusions to

5   which no response is required and, to the extent a response is deemed necessary, Defendant

6   YONG YOON denies them.  Except as so admitted or denied, Defendant YONG YOON is

7   without sufficient knowledge or information to form a belief as to the truth of the allegations

8   contained in said paragraph, and on that basis denies each and every allegation contained therein.

9         9.  Answering Paragraph 9 of the Complaint, Defendant YONG YOON admits that she

10  was the owner and operator of the subject restaurant on January 15, 2003, the date of the alleged

11  incident.  Except as so admitted, Defendant is without sufficient knowledge and information

12  sufficient to admit or deny the allegations contained in said paragraph, and on that basis denies

13  each and every allegation contained therein.

14        10.  Answering Paragraph 10 of the Complaint, Defendant YONG YOON is without

15  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

16  said paragraph, and on that basis denies each and every allegation contained therein.

17        11.  Answering Paragraph 11 of the Complaint, Defendant YONG YOON denies each

18  and every allegation contained in said paragraph.  The last sentence of the paragraph contain

19  legal conclusions to which no response is required and, to the extent a response is deemed

20  necessary, Defendant YONG YOON denies them.

21        12.  Answering Paragraph 12 of the Complaint, Defendant YONG YOON denies each

22  and every allegation contained in said paragraph.

23        13.  Answering Paragraph 13 of the Complaint, Defendant YONG YOON denies each

24  and every allegation contained therein.  The last sentence of the paragraph contain legal

25  conclusions to which no response is required and, to the extent a response is deemed necessary,

26  Defendant YONG YOON denies them.

27        14.  Answering Paragraph 14 of the Complaint, Defendant YONG YOON denies each

28  and every allegation contained therein.  The last sentence of the paragraph contain legal

Thornton, Taylor, Becker & Shinn, LLP
731 Sansome Street, Suite 300
San Francisco, CA 94111
(415) 421-8890 - Facsimile (415) 421-0688

1 conclusions to which no response is required and, to the extent a response is deemed necessary,
2 Defendant YONG YOON denies them.

3  15.  Answering Paragraph 15 of the Complaint, Defendant YONG YOON denies each
4 and every allegation contained therein.  The last two sentences of the paragraph contain legal
5 conclusions to which no response is required and, to the extent a response is deemed necessary,
6 Defendant YONG YOON denies them.

7  16.  Answering Paragraph 16 of the Complaint, Defendant YONG YOON denies each
8 and every allegation contained therein.

9  17.  Answering Paragraph 17 of the Complaint, Defendant YONG YOON denies each
10 and every allegation contained therein.

11  18.  Answering Paragraph 18 of the Complaint, Defendant YONG YOON denies each
12 and every allegation contained therein.

13  19.  Answering Paragraph 19 of the Complaint, Defendant YONG YOON denies each
14 and every allegation contained therein.  The second and third sentences of the paragraph contain
15 legal conclusions to which no response is required and, to the extent a response is deemed
16 necessary, Defendant YONG YOON denies them.

17

18 <center>**SECOND CAUSE OF ACTION**</center>
19 <center>**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**</center>
20 <center>**42 USC §§12101 et seq.**</center>

21  20. Answering Paragraph 20 of the Complaint, Defendant YONG YOON incorporates by
22 reference her answers to paragraphs 1 through 19 of the Complaint as though they were fully set
23 forth individually herein and repleaded.

24  21.  Answering Paragraph 21 of the Complaint, the paragraph contains allegations
25 consisting of legal conclusions to which no response is required and, to the extent a response is
26 deemed necessary, Defendant YONG YOON denies them.

27
28

Thornton, Taylor, Becker & Shinn, LLP
731 Sansome Street, Suite 300
San Francisco, CA 94111
(415) 421-8890 - Facsimile (415) 421-0688

22. Answering Paragraph 22 of the Complaint, the paragraph contains allegations consisting of legal conclusions to which no response is required and, to the extent a response is deemed necessary, Defendant YONG YOON denies them.

23. Answering Paragraph 23 of the Complaint, the paragraph contains allegations consisting of legal conclusions to which no response is required and, to the extent a response is deemed necessary, Defendant YONG YOON denies them.

24. Answering Paragraph 24 of the Complaint, the paragraph contains allegations consisting of legal conclusions to which no response is required and, to the extent a response is deemed necessary, Defendant YONG YOON denies them.

25. Answering Paragraph 25 of the Complaint, the paragraph contains allegations consisting of legal conclusions to which no response is required and, to the extent a response is deemed necessary, Defendant YONG YOON denies them.

26. Answering Paragraph 26 of the Complaint, Defendant YONG YOON denies each and every allegation contained therein. The last two sentences of the paragraph contain legal conclusions to which no response is required and, to the extent a response is deemed necessary, Defendant YONG YOON denies them.

27. Answering Paragraph 27 of the Complaint, Defendant YONG YOON denies each and every allegation contained therein.

28. Answering Paragraph 28 of the Complaint, Defendant YONG YOON denies each and every allegation contained therein. The first two sentences of the paragraph contain legal conclusions to which no response is required and, to the extent a response is deemed necessary, Defendant YONG YOON denies them.

29. Answering Paragraph 29 of the Complaint, Defendant YONG YOON denies each and every allegation contained therein. The last sentence of the paragraph contains legal conclusions to which no response is required and, to the extent a response is deemed necessary, Defendant YONG YOON denies them.

30. Answering Paragraph 30 of the Complaint, Defendant YONG YOON denies each and every allegation contained therein.

Thornton, Taylor, Becker & Shinn, LLP
731 Sansome Street, Suite 300
San Francisco, CA 94111
(415) 421-8890 - Facsimile (415) 421-0688

**AFFIRMATIVE DEFENSES**

By way of affirmative defenses to the allegations of the Complaint herein, Defendant YONG YOON alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff CHRISTINA ADAMS' complaint, and each and every purported cause of action therein, fail to state facts sufficient to constitute a cause or causes of action against this defendant.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's complaint is barred in whole or in part by the applicable statute of limitations, including but not limited to the statute of limitations set forth in California Code of Civil Procedure §§338(a), 339 and 340.

**THIRD AFFIRMATIVE DEFENSE**

3. Any recovery on Plaintiff's complaint and each and every purported cause of action alleged therein are barred to the extent Plaintiff is estopped by her own conduct to claim any right to damages or any relief against Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

4. Based on information and belief, Plaintiff's complaint, and each and every purposed cause of action alleged therein are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's complaint and each and every purported cause of action alleged therein are barred to the extent Plaintiff comes to this Court with unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's complaint and each and every purported cause of action alleged therein are barred, in whole or in part, by Plaintiff's own fault or negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's complaint and each and every purported cause of action alleged therein are barred, in whole or in part, because Plaintiff impliedly or expressly invited or consented to the acts of which she now complains.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's complaint and each and every purported cause of action alleged therein are barred, in whole or in part, by Plaintiff's failure to mitigate her alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's complaint and each and every purported cause of action alleged therein are barred by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

10. Each and every purported act alleged to have been committed by Defendant was done in good faith, with probable and reasonable cause, based upon legitimate and non-discriminatory factors to achieve proper purpose, and was reasonable and justifiable under the circumstances.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. If Plaintiff experienced any denial of access or accommodations at the subject restaurant, such denials were caused by the structure of the facility and providing the access sought by the plaintiff would require construction, alteration, repair, and/or modification of the facility that is not required by law under these circumstances.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Any removal of any structural and/or architectural barriers that may exist at the subject restaurant is not readily achievable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The removal of any structural and/or architectural barriers that may exist at the subject restaurant would constitute an undue burden because such removal would involve significant difficulty, expense, and loss of useable space for activities necessary to the subject restaurant's business.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. To the extent that the removal of any structural and/or architectural barriers that may exist at the subject restaurant is not readily achievable, the restaurant has made its goods,

1  services, facilities, privileges, advantages, and/or accommodations available through readily
2  achievable alternative methods.

### FIFTEENTH AFFIRMATIVE DEFENSE

4  15.  Defendant alleges, on information and belief, that there have not been any changes to
5  the Restaurant after January 26, 1992 that would constitute "alterations" as defined in 28 C.F.R.
6  Section 36.402.

### SIXTEENTH AFFIRMATIVE DEFENSE

8  16.  Defendant alleges, on information and belief, that there have not been any changes to
9  the Restaurant after July 1, 1970 that would constitute "alterations, structural repairs, or
10  additions" as defined in California Health & Safety Code Section 19959.

### SEVENTEENTH AFFIRMATIVE DEFENSE

12  17.  Defendant alleges, on information and belief, that third parties and/or entities,
13  whether or not presently parties to this action, were careless and negligent in or about the matters
14  alleged in the complaint, and that said carelessness and negligence proximately contributed to or
15  was a legal cause of the happening of the incident referred to in the complaint.  Accordingly,
16  Plaintiff's right to recovery from defendant should be denied or diminished in proportion to the
17  fault of these parties.

### PRAYER FOR RELIEF

23  WHEREFORE, YONG YOON prays as follows:
24  1.  That plaintiff take nothing by reason of the Complaint, and that judgment be
25      rendered in favor of YONG YOON;
26  2.  That the action be dismissed with prejudiced;
27  3.  That YONG YOON be awarded her attorneys fees and costs of suit incurred in
28      defense of this case;

8

Case No. C03-4191 JF                            Defendant YONG YOON's Answer to Complaint

*Thornton, Taylor, Becker & Shinn, LLP*
*731 Sansome Street, Suite 300*
*San Francisco, CA 94111*
*(415) 421-8890 - Facsimile (415) 421-0688*

4.    And for such other relief as the Court deems proper.

DATED: November 13, 2003    THORNTON, TAYLOR, BECKER & SHINN, LLP

/s/ G. Carolyn Byun
_____

PHILLIP F. SHINN
CAROLYN BYUN
Attorneys for Defendant
YONG YOON, individually and
dba FOSTER'S FREEZE

Thornton, Taylor, Becker & Shinn, LLP
731 Sansome Street, Suite 300
San Francisco, CA 94111
(415) 421-8890 - Facsimile (415) 421-0688

9

Case No. C03-4191 JF    Defendant YONG YOON's Answer to Complaint